**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In Re: | § | Case No. 23-10371-smr |
| | § | |
| **VIDATRONIC, INC.,** | § | |
| | § | |
| Debtor. | § | Chapter 7 |

## MOTION FOR AUTHORITY TO MAKE SECOND INTERIM DISTRIBUTION

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, chapter 7 trustee (the "Trustee") of the bankruptcy estate of Vidatronic, Inc., (the "Estate"), and submits this *Motion for Authority to Make Second Interim Distribution* (the "Motion") and requests authority to pay the remaining amounts owed on timely filed, pre-petition unsecured claims (the "Second Interim Distribution"), and would respectfully show the Court as follows.

### I. SUMMARY

1. The Trustee has approximately $1,600,000.00 in unencumbered cash on hand. He is in the process of attempting to market and sell intellectual property belonging to the bankruptcy estate. The deadline for filing of proofs of claim has passed, and the Trustee has already paid with approval from the Court 50% of the amounts owed on timely filed general unsecured claims. Accordingly, the Trustee requests authority to make a second interim distribution that will pay the remaining 50% of amounts owed to the timely filed general unsecured claims after which the Trustee would have $255,473.23 in cash on hand.

## II. JURISDICTION AND STATUTORY PREDICATES

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates include 11 U.S.C. §§ 105(a), 502, 507, 704, 326, 330, and 726 (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code").

3. The Court has constitutional authority to enter an order in this matter because the relief requested arises solely under the Bankruptcy Code.

## III. BACKGROUND FACTS AND REQUEST FOR RELIEF

2. This case was filed on May 30, 2023 (the "Petition Date") under Chapter 7 of title 11 of the United States Code.

3. Trustee is the duly appointed and serving chapter 7 trustee.

4. On the Petition Date, the Trustee's request for notice of assets [Dkt. No. 5] was filed.

5. By order of the Court [Dkt. No. 7] entered on June 2, 2023, the deadline for filing of proofs of claim was August 28, 2023 (the "Claims Bar Date").

6. The Trustee recovered on behalf of Debtor a large insurance payment.

7. The Trustee has retained counsel [Order at Dkt. No. 12] and an accountant / tax advisor [Order at Dkt. No. 14] at their standard hourly rates. He has also retained a broker [Order at Dkt. No. 26] on a contingency fee basis related to its efforts to sell intellectual property belonging to the bankruptcy estate.

8. The Trustee has faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704. He continues to do so.

9. On or before the Claims Bar Date, various proofs of claim were filed.

10. On November 9, 2023, the Trustee filed a first motion [Dkt. No. 40] (the "First Interim Motion") requesting authority to make an interim distribution (the "First Interim Distribution"). Under the First Interim Motion, the Trustee requested authority to pay certain priority claims and to make a pro rata distribution of 50% on all timely filed proofs of claim. The First Interim Motion did not provide for the Trustee to disburse to himself any commission or expenses, nor has he done so.

11. On December 13, 2023, the Court entered an order [Dkt. No. 45] granting the *First Interim Motion*.

12. The Trustee subsequently made the First Interim Distribution.

13. The currently has on hand approximately $1,627,545.26 in unencumbered cash.

14. The Trustee, in sound exercise of his business judgment, has concluded that he has sufficient cash on hand to enable him to make distribution on the remaining amounts owed on timely filed proofs of claim. After such distribution, he estimates that he would have on hand approximately $255,473.23, which is expected to be sufficient to satisfy the administrative expenses of the bankruptcy estate and enable the Trustee to adequately continue administering the bankruptcy estate.

15. The Bankruptcy Code contains several provisions relating to the allowance, priority, and payment of claims, including 11 U.S.C. §§ 502, 507, and 726. Section 704 of the Bankruptcy Code lays out the duties of the Trustee and section 726 contemplates the distribution by the Trustee of property of the Bankruptcy Estate. Section 326 contains the calculations for trustee compensation, and section 330 authorizes bankruptcy courts to review and approve requests for compensation and reimbursement of expenses. Furthermore, section 105(a) of the

Bankruptcy Code authorizes this Court to enter such orders as may be "appropriate to carry out the provisions" of the Bankruptcy Code.

16. In consultation with his counsel and accountant, the Trustee has concluded that there are sufficient funds are on hand to make the payments detailed herein as well as to provide for all present and anticipated administrative obligations of the bankruptcy estate. In that situation, no purpose would be served by keeping all of the over $1,600,000.00 in unencumbered cash on hand; instead, it is in the best interests of all parties in interest for an interim distribution to be made as set forth herein.

17. Accordingly, the Trustee requests authority to make the following distributions:

   a. **Non-Priority Claimants (to be paid remaining 50% of their stated claim amounts)**

| CLAIMANT (Claim No.) | Proposed Distribution |
|---|---|
| Ron S. Waters (#2) | $4,016.25 |
| Betasoft Consulting, Inc. (#3) | $11,040.00 |
| Austin Silicon Incorporated (#4) | $24,480.00 |
| Stepehen Michael Nolan (#5) | $22,801.41 |
| Internal Revenue Service (withholdings on Nolan Claim) | $9,609.99 |
| Rozella L. Hernandez (#6) | $1,285.47 |
| Internal Revenue Service (withholdings on Hernandez Claim) | $541.79 |
| Internal Revenue Service Form 941 for third quarter of 2024 | $2,619.27 |
| Internal Revenue Service FUTA Form 940 for the year 2024 | $52.96 |
| Texas Workforce Commission | $125.60 |
| Dwyer Murphy Calvert, LLP (#7) | $11,595.43 |
| Luis Tellez (#8) | $2,240.00 |
| Michael Bartlett (#9) | $32,410.00 |
| Broadbent Investors, LP (#10) | $162,050.00 |
| Broadbent Investors, LP (#11) | $108,033.50 |
| ZHB, LLC (#12) | $108,033.50 |
| C and C, LLC (#13) | $108,033.50 |
| Patrick W. Mattingly Revocable Trust | $40,512.50 |

| | |
|---|---|
| (#14) | |
| Carl F. Pollard Trust UAD 2/11/94 (#15) | $40,512.50 |
| Daniel E. Sykes (#16) | $40,512.50 |
| 6ixth Event Fund I, LLC (#17) | $27,008.50 |
| Standard Investments, LLC (#18) | $13,504.00 |
| Jacob Jacobson (#19) | $27,008.50 |
| Jacob Jacobson (#20) | $60.94 |
| American Incentive Advisors (#22) | $19,502.44 |
| Global Semi S.C. (#23) | $37,207.50 |
| SRF Technologies, LLC dba Certus Sernico (#24) | $10,875.00 |
| Asic North (#25) | $100,308.75 |
| Cadence Design Systems Inc. (#26) | $211,087.50 |
| Natalia Naranjo de Robinson (#27) | $27,008.50 |
| Fundacion Bella 2002 (#28) | $52,700.00 |
| Emilio E. Wong and Yolanda Luque de Wong (#29) | $21,080.00 |
| 6207 Bee Cave Road, L.P. (#31) | $11,035.22 |
| K&L Gates LLP (#32) | $3,087.75 |
| Tectus Corporation (#33) | $16,585.00 |
| Siemens Industry Software, Inc. (#43) | $16,237.50 |
| Bank of America (#44) | $8,503.19 |
| Bank of America (#45) | $19,367.59 |
| Totals | **$1,352,674.03** |

18. Thus, the total proposed interim distributions are in the amount of $1,352,674.03. The Trustee currently has on hand $1,627,545.26 in unencumbered cash. The Trustee has made a request to the Court [Dkt. No. 61] for authority to pay $19,398.00 in fees and expenses necessary to preserve the estate's intellectual property rights. If that request and this Second Interim Motion are both approved, the Trustee anticipates that after payment of all foregoing amounts the estate would have approximately $255,473.23 on hand. After consultation with his accountant and his counsel, the Trustee believes that that amount will be adequate to enable him to continue administering the estate.

19. Several claims were filed in the stated amount of $0.00. No payment is proposed on those claims.

20. Multiple claims were filed after the Claims Bar Date (the "Untimely Claims"). No motion to deem timely filed is pending with respect to any of the Untimely Claims. The distribution proposed herein does not include the Untimely Claims.

21. The Trustee has consulted with his tax advisor and has determined that no federal income tax liability is currently due from the bankruptcy estate. All required federal tax returns will be filed and the tax advisor anticipates that the Trustee is reserving sufficient funds to address any potential tax liability.

22. After making the proposed interim distributions, the Trustee will have over $250,000.00 on hand. The Trustee believes that those funds will be more than sufficient to cover any administrative expenses that have been or may be allowed in this bankruptcy case, including taxes, trustee commission, and professional fees, with a possibility of funds remaining to make distribution on a pro rata basis to holders of untimely filed proofs of claim.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully prays that the Court enter an order authorizing him to make a second interim distributions as requested herein, including of his statutory compensation and reimbursement of his expenses, and for other just relief.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

[signature block on following page]

By:*/s/ Brian T. Cumings*
Brian T. Cumings
State Bar No. 24082882
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 13th day of August, 2024, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service and by U.S. First Class Mail to those listed below and to those on the Service List appended herewith.

Office of the United States Trustee
903 San Jacinto Blvd., Rm. 230
Austin, TX 78701

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

Vidatronic, Inc.
PO Box 203395
Austin, TX 78720-3395
*Debtor*

Kell C. Mercer
Kell C. Mercer, PC
901 S MoPac Expy, Bldg 1, Suite 300
Austin, TX 78746-5883
*Debtors' Counsel*

By:*/s/ Brian T. Cumings*
Brian T. Cumings